**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOE RUBEN MULLER,

      Plaintiff,

v.                                          Cause No. 1:16-cv-987

GEICO INSURANCE COMPANY,

      Defendant.

## NOTICE OF REMOVAL

GEICO General Insurance Company (hereinafter "GEICO"), improperly named as GEICO Insurance Company, by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

    1.     Plaintiff Joe Ruben Muller ("Plaintiff") filed his Complaint to Recover Damages for Personal Injury Resulting from Automobile Accident and Bad Faith ("Complaint") in the First Judicial District, Santa Fe County, State of New Mexico, in Cause No. D-101-CV-2016-01463 (hereinafter "State Court Action") on June 20, 2016. (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

    2.     In his Complaint, Plaintiff alleges he was a resident of the State of New Mexico at the time of the collision. (*Id.* at ¶ 1).

    3.     Plaintiff named Defendant GEICO, as the only Defendant in Plaintiff's Complaint.

    4.     Plaintiff does not make any allegations as to the citizenship of GEICO.

5. Plaintiff does not make any allegations as to the principal place of business of GEICO.

6. Defendant asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

7. Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

8. Defendant accepted service through the Superintendent of Insurance on August 5, 2016. (*See* Exhibit B).

9. Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

10. As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied. (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

11. Pursuant to Plaintiff's allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

12. Pursuant to the allegations in Plaintiff's Complaint, dated June 20, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. *See* also, *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001). (Complaint ¶38, 39, 44, 45, 49, 50, 56 and the Wherefore paragraph). Plaintiff's Complaint seeks an award of punitive damages (Complaint ¶39 and the Wherefore paragraph.) While GEICO denies liability to Plaintiff for compensatory or punitive damages, Plaintiff's claim for punitive damages, could exceed the jurisdiction threshold for diversity jurisdiction. Alternatively, Plaintiff seeks an award of treble damages under the Unfair Practices Act. (Complaint ¶ 45).

Additionally, Plaintiff's Complaint seeks an award of attorney's fees pursuant to NMSA 1978, §39-2-1, NMSA §59A-16-20 and NMSA 1978, §57-12-10. (See Complaint, ¶ 38, 45, 50).

13. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

14. In addition to actual damages in this case, Plaintiff is requesting attorney fees and costs, exemplary and punitive damages. Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter.

15. This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

Case 1:16-cv-00987-KBM-KK   Document 1   Filed 09/02/16   Page 4 of 19

16. By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit D.

19. In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit E.

20. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

21. A Civil Cover Sheet for this Court is hereto attached as Exhibit F.

**WHEREFORE**, the removing Defendant gives notice the above-styled action,

which was pending in the First Judicial District, Santa Fe County, State of New Mexico, as Cause No. D-202-CV-2016-01463 is removed to this Court.

> Respectfully submitted,
>
> **CHAPMAN AND CHARLEBOIS, P.C.**
>
> */s/Jessica C. Singer*
> Donna L. Chapman
> Jessica C. Singer
> P.O. Box 92438
> Albuquerque, NM 87199
> 505-242-6000
> donna@cclawnm.com
> jessica@cclawnm.com
> *Attorneys for Defendant*

I HEREBY CERTIFY that on the 2nd day of September, 2016, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew J. Zamora
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
mz@carterlawfirm.com
*Attorney for Plaintiff*


*/s/Jessica C. Singer*
Jessica C. Singer

DISTRICT COURT CLEI
6/20/2016 5:05:03 F
STEPHEN T. PACHE(
Maureen Narai

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

JOE RUBEN MULLER,

        Plaintiff,

v.                                    Cause No.    D-101-CV-2016-01463
                                               Case assigned to Singleton, Sarah
GEICO INSURANCE COMPANY,

        Defendant.

## COMPLAINT FOR BAD FAITH AND RELATED CAUSES OF ACTION

**COMES NOW**, Plaintiff, Joe Ruben Muller, by and through his counsel of record, **CARTER & VALLE LAW FIRM, PC** (Matthew J. Zamora, Esq.), and for his Complaint against Defendant, Geico Insurance Company ("Geico"), hereby states as follows:

1.    Plaintiff, Joe Ruben Muller, is an individual who resides in Bernalillo County, Albuquerque, New Mexico.

2.    Upon information and belief, Defendant Geico is a foreign insurer doing business in New Mexico.

3.    Pursuant to NMSA 1978, Section 59A-5-31, the New Mexico Superintendent of Insurance has been appointed as Defendant's agent for service of process in this matter, and thus venue in this Court is proper.

4.    This Court has jurisdiction of the parties and subject matter herein.

5.    On June 23, 2011, Plaintiff stopped for a red light at the intersection of Paseo Del Norte Blvd., NE and San Pedro, NE in Albuquerque, New Mexico.

6.    At that time, the tortfeasor crashed into the rear of Plaintiff's vehicle.

7.    Plaintiff did not cause or in any way contribute to the auto crash.

8.    Plaintiff was injured in the auto crash.



Page 1 of 7

9. Plaintiff sought medical treatment for his injuries after the crash.

10. Plaintiff had his own insurance coverage with Defendant Geico for Medical Payments (MedPay) coverage.

11. Plaintiff complied with all contractual obligations for his MedPay coverage.

12. Defendant Geico refused to pay the full qualifying amount of Plaintiff's MedPay claim.

13. On September 24, 2011, Plaintiff sent a letter of representation to Geico along with copies of receipts for co-pays for reimbursement under the medical payment provision of the policy, with medical documentation regarding his treatment to follow.

14. On October 26, 2011, Plaintiff followed up with Defendant Geico because payment was not received.

15. On November 1, 2011, Plaintiff responded to correspondence from Geico denying reimbursement and requested a copy of the pertinent part of the policy used in denying this claim.

16. On November 30, 2011, Plaintiff followed up on the November 1, 2011 correspondence and enclosed a signed medical records authorization release.

17. On December 16, 2011, Plaintiff followed up on the November 30, 2011 correspondence.

18. On December 22, 2011, Plaintiff followed up with Defendant Geico regarding his claim.

19. On January 3, 2012, Plaintiff questioned Geico on the reimbursement process and it had started over.

20. On January 13, 2012, Plaintiff responded to Geico's correspondence wherein Defendant identifies their right to reimbursements for a claim that had not been paid. A second January 13, 2012 correspondence again questioned the length of the payment process.

21. On February 29, 2012, Plaintiff inquired on payments and requests arbitration.

22. On March 7, 2012, Plaintiff responds to Defendant Geico's letter wherein Geico agrees to pay towards $120.00 co-pays, but no additional payments until billing and treatment received from Plaintiff.

23. On March 9, 2012 Plaintiff responds to Geico's correspondence that documentation by medical providers is inadequate to issue payment and plaintiff again requests an arbitrator.

24. From March 9, 2012 until August 10, 2015 multiple letters were exchanged between the parties.

25. On August 6, 2015, Geico provided a check to Plaintiff in the sum of $6,970.28.

## COUNT I – INSURANCE BAD FAITH

26. Plaintiff incorporates all prior allegations as if set forth herein in full.

27. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policy holder, including insureds.

28. Defendant Geico, not Plaintiff, drafts its insurance contracts.

29. Fair dealing means to act honestly and in good faith in the performance of the contract.

30. The insurance company must give equal consideration to its own interests and the interests of the insured.

31. An insurance company and its employees act in bad faith when they refuse to timely pay a claim of the insured for reasons which are frivolous or unfounded.

32. Defendant Geico's decision refusing to timely pay full qualifying medical payments benefits was frivolous.

33. In deciding whether to pay a claim, the insurance company and its employees must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

34. An insurer and its employees and agents may not unreasonably delay notification to the insured that the claim will be paid or denied.

35. A failure to timely investigate, evaluate, and pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

36. The acts and failures to act of Defendant Geico as enumerated above constitute a breach of their duty of good faith to Plaintiff.

37. As a result of the bad faith of Defendant Geico, Plaintiff has suffered damages, and seeks compensatory damages in a monetary amount to be determined at trial.

38. The acts and failures to act of Defendant Geico as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, and/or an unreasonable investigation of a first party insurance claim entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

39. The actions of Defendant Geico were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined.

### COUNT II-UNFAIR INSURANCE PRACTICES UNDER NMSA 1978, § 59A-16-20

40. Plaintiff hereby incorporates the foregoing allegations of the Complaint as if fully set forth below.

41. The acts and failures to act of Defendant, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, § 59A-16-20.

42. Defendant, as set forth above, knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a) and (b), where Defendant:

    (a) has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

    (b) without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

43. Defendant acts in such a way to delay and deter the payment of claims with such frequency as to indicate that such conduct is Defendant's general business practice.

44. As a direct and proximate result of the unfair claims practices of Defendant, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

45. Plaintiff is also entitled to an award of attorney fees and costs under the statute.

## COUNT III-BREACH OF CONTRACT

46. Plaintiff hereby incorporates the foregoing allegations of the Complaint as if fully set forth below.

47. Defendant Geico's acts and failures to act, as enumerated above constitute a willful breach of its contract with Plaintiff.

48. Plaintiff performed all conditions precedent to the contract with Defendant Geico.

49. As a result of the breach of the contract by Defendant Geico, Plaintiff has suffered monetary damages necessary to restore her to which was lost by Defendant Geico's breach, including but not limited to incidental damages, consequential damages and reliance damages,

attorney fees and costs and any other damages in an amount to be determined at trial.

50. Defendant Geico's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, Section 39-2-1.

## COUNT IV-BREACH OF FIDUCIARY DUTY

51. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

52. Defendant's duties to Plaintiff were non-delegable duties, such that Defendant is liable to Plaintiff for each and every violation of these duties, whether committed directly by Defendant or by any of its attorneys, employees or agents.

53. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policy holder and insureds like Plaintiff.

54. When Plaintiff made claims under his MedPay coverage for injuries received in the motor vehicle crash, Defendant breached its duty to act in good faith under the covenant of good faith and fair dealing inherent in every insurance contract by putting its interests above the interests of its insured.

55. Defendants put their interests above their insured by intentionally, knowingly, willfully and recklessly delaying payment of a MedPay claim.

56. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has been injured in an amount to be proven at the time of trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Geico for all compensatory damages; damages for bad faith; damages for unfair insurance practices; damages for breach of contract; punitive damages; statutory damages, costs, fees and interest as allowed by law, and for such other relief as this honorable Court deems proper.

Respectfully submitted,

**CARTER & VALLE LAW FIRM, PC**

*/s/ Matthew J. Zamora*
MATTHEW J. ZAMORA, ESQ.
Attorneys for Plaintiff
8012 Pennsylvania Circle, N.E.
Albuquerque, NM 87110
PH:   505-888-4357

*01694331901011142*
*ECF*
*Calun*

STATE OF NEW MEXICO
OFFICE OF SUPERINTENDENT OF INSURANCE
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INSURANCE**
John G. Franchini – (505) 827-4299

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

**Service of Process**
Room 432
(505) 827-4241

August 5, 2016

GEICO General Insurance Co.
Legal Dept. – Matthew J Zuraw
2280 North Greenville Ave
Richardson, TX 75082

Re: Joe Ruben Muller Vs GEICO Insurance Company,
D101CV2016-01463

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Bad Faith and Related Causes of Action, Plaintiff's First Set of Discovery to Defendant GEICO Insurance Company, to Defendant GEICO Insurance Company in the State of New Mexico on the above styled cause, Service has been accepted on your behalf as of August 5, 2016.

Respectfully,

*[signature]*

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7010 0290 0002 3835 6518

EXHIBIT B

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back          Location : Santa Fe County    Images  Help

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2016-01463

| Joe Ruben Muller v. Geico Insurance Company | § § § § § § | Case Type: **Tort** <br> Date Filed: **06/20/2016** <br> Location: **Santa Fe County** <br> Judicial Officer: **Singleton, Sarah** |
|---|---|---|

### PARTY INFORMATION

|  |  | **Attorneys** |
|---|---|---|
| **Defendant** | Geico Insurance Company |  |
| **Plaintiff** | Muller, Joe Ruben | Matthew J. Zamora <br> *Retained* <br> 505-888-4357(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 06/20/2016 | Cause Of Actions | Bad Faith (Count I - Insurance Bad Faith) |
|---|---|---|
|  | Action Type | Action |
| 06/20/2016 | Cause Of Actions | Trade Practices Act (Count II - Unfair Insurance Practices Under NMSA 1978, Section 59A-16-20) |
|  | Action Type | Action |
| 06/20/2016 | Cause Of Actions | Breach of Contract (Count III) |
|  | Action Type | Action |
| 06/20/2016 | Cause Of Actions | Bad Faith (Count IV - Breach of Fiduciary Duty) |
|  | Action Type | Action |
| 06/20/2016 | OPN: COMPLAINT | |
|  | *Complaint for Bad Faith and Related Causes of Action* | |
| 08/02/2016 | SUMMONS ISSUED | |
|  | *Summons Issued to Geico Insurance Company* | |

### FINANCIAL INFORMATION

| **Plaintiff** Muller, Joe Ruben | | |
|---|---|---|
| Total Financial Assessment | | 132.00 |
| Total Payments and Credits | | 132.00 |
| **Balance Due as of 08/31/2016** | | **0.00** |

| 06/21/2016 | Transaction Assessment | | | 132.00 |
|---|---|---|---|---|
| 06/21/2016 | File & Serve Payment | Receipt # SFED-2016-6316 | Muller, Joe Ruben | (132.00) |



EXHIBIT C

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOE RUBEN MULLER,

    Plaintiff,

v.                                No. D-101-CV-2016-01463

GEICO INSURANCE COMPANY,

    Defendant.

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE that GEICO General Insurance Company (hereinafter "GEICO"), improperly named as GEICO Insurance Company, by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was sent via email to:

Matthew J. Zamora
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
mz@carterlawfirm.com
*Attorney for Plaintiff*

                                Respectfully submitted,

                                CHAPMAN AND CHARLEBOIS, P.C.

                                Donna L. Chapman
                                Jessica C. Singer
                                P.O. Box 92438
                                Albuquerque, NM 87199
                                Tel: (505) 242-6000
                                donna@cclawnm.com
                                jessica@cclawnm.com
                                *Attorneys for GEICO*


EXHIBIT D

I HEREBY CERTIFY THAT on this 2nd day of September, 2016, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

Matthew J. Zamora
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
mz@carterlawfirm.com
*Attorney for Plaintiff*

_____
Jessica C. Singer

2

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOE RUBEN MULLER,

    Plaintiff,

v.                              No. D-101-CV-2016-01463

GEICO INSURANCE COMPANY,

    Defendant.

## ENTRY OF APPEARANCE

Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), hereby enter their appearance on behalf of Defendant GEICO General Insurance (hereinafter "GEICO"), improperly named as GEICO Insurance Company. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                                    Respectfully submitted,

                                    CHAPMAN AND CHARLEBOIS, P.C.

                                    _____
                                    Donna L. Chapman
                                    Jessica C. Singer
                                    PO Box 92438
                                    Albuquerque, NM 87199
                                    505-242-6000
                                    donna@cclawnm.com
                                    jessica@cclawnm.com
                                    *Attorneys for GEICO*



EXHIBIT E

I hereby certify the foregoing was served on the following counsel of record via the Odyssey File & Serve system on this 2nd day of September, 2016:

Matthew J. Zamora
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
mz@carterlawfirm.com
*Attorney for Plaintiff*

_____
Jessica C. Singer

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOE RUBEN MULLER

**DEFENDANTS**
GEICO GENERAL INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff   Santa Fe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew J. Zamora, Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle NE, Alb. NM 87110
505-888-4357

Attorneys *(If Known)*
Donna L. Chapman & Jessica C. Singer
Chapman and Charlebois, P.C.
PO Box 92438, Alb. NM 87198  505-242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**EXHIBIT F**

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C., 1332(a) 1441(b)(2)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  9/2/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____